**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178 )
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODNEY HANNAH,<br><br>Plaintiff,<br><br>v.<br><br>JPL RECOVERY SOLUTIONS, LLC,<br><br>Defendant. | Case No. 2:18-cv-10000<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

NOW COMES, RODNEY HANNAH, through counsel, WAJDA LAW GROUP, APC, complaining of JPL RECOVERY SOLUTIONS, LLC, as follows:

**NATURE OF THE ACTION**

1. This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. RODNEY HANNAH ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

8. JPL RECOVERY SOLUTIONS, LLC ("Defendant") is a foreign limited liability company with a principal place of business in Getzville, New York.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

11. Plaintiff obtained a short-term, unsecured loan ("Loan") from LoanMe, Inc.

12. This Loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. This Loan is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

14. Plaintiff defaulted on this Loan.

15. LoanMe placed this Loan with Defendant for collection.

16. On September 26, 2018, Defendant contacted Plaintiff's sister.

17. During this call, Defendant disclosed this Loan owed to LoanMe.

18. During this call, Defendant threatened legal action against Plaintiff.

19. Plaintiff's sister told Plaintiff of this call.

20. On September 27, 2018, Plaintiff contacted Defendant.

21. Defendant demanded that Plaintiff pay off this Loan immediately.

22. Defendant threatened legal action against Plaintiff.

23. To date, no legal action has been instituted by Defendant.

24. To date, no written communication(s) have been received from Defendant.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq*.)

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. §1692b**

26. Section 1692b provides:

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –

(2)  not state that such consumer owed any debt;

15 U.S.C. § 1692b(2).

27. Defendant violated 15 U.S.C. § 1692b(2) by revealing to Plaintiff's sister the existence of the debt owed LoanMe, Inc.

**Violation(s) of 15 U.S.C. § 1692e**

28. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*\*\*

(5)  The threat to take any action that cannot legally be taken or that is not intended to be taken.

\*\*\*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e, e(5) and e(10).

29. Defendant violated 15 U.S.C. §§ 1692e, e(5), and e(10) by representing to Plaintiff's sister that nonpayment of the Loan will result in legal action against Plaintiff.

30. Defendant violated 15 U.S.C. §§ 1692e, e(5), and e(10) by representing to Plaintiff that nonpayment of the Loan will result in legal action against Plaintiff.

31. Defendant's threat of legal action violated 15 U.S.C. § 1692e(5) as Defendant had no intention to pursue legal action against Plaintiff.

32. As Defendant's threat of legal action was not intended, Defendant's message was also deceptive, thus violating 15 U.S.C. §§ 1692e and e(10).

**Violation(s) of 15 U.S.C. § 1692g(a)**

33. Section 1692g(a) provides:

> [w]ithin five days of a debt collector's initial communication with a debtor (referred to in the FDCPA as a "consumer"), the debt collector must send the consumer a written "validation notice" setting forth, among other things, the consumer's right to dispute the debt.

15 U.S.C. § 1692g(a).

34. Defendant violated 15 U.S.C. § 1692g(a) by failing to send Plaintiff a written "validation notice" within five days of Defendant's initial communication with Plaintiff.

35. Plaintiff may enforce the provisions of 15 U.S.C. §§1692e, e(5), e(10), and g(a) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§1692b(2), e, e(5), e(10), and g(a);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
## Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.)

36. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Cal. Civ. Code § 1788.12

37. California Civil Code § 1788.12 provides:

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

\*\*\*

(b) Communicating information regarding a consumer debt to any member of the debtor's family, other than the debtor's spouse or the parents or guardians of the debtor who is either a minor or who resides in the same household with such parent or guardian, prior to obtaining a judgment against the debtor; except where the purpose of the communication is to locate the debtor, or where the debtor or his attorney has consented in writing to such communication.

Cal. Civ. Code § 1788.12.

5

38. Defendant violated Cal. Civ. Code § 1788.12 by communicating information regarding the debt owed LoanMe to Plaintiff's sister.

### Violation(s) of Cal. Civ. Code § 1788.17

39. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

40. As alleged, Defendant violated 15 U.S.C. §§1692b(2), e, e(5), e(10), and g(a); therefore violating Cal. Civ. Code § 1788.17.

41. Plaintiff may enforce the provisions of Cal. Civ. Code §§ 1788.12 and 1788.17 pursuant to Cal. Civ. Code § 1788.30 which provides:

(a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated Cal. Civ. Code §§ 1788.12 and 1788.17;

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Date: November 29, 2018

Respectfully submitted,

**RODNEY HANNAH**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com